THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-1374-NJR |
| | ) | |
| JOHN BALDWIN, JACQUELINE LASHBROOK, MOHAMMED SIDDIQUI, SUSAN KIRK, REVA ENGELAGE, CHAD HASEMEYER, JERRY WITTHOFT, DONNIE LINDENBERG, ANTHONY JONES, KYLE BRUMLEVE, WESLEY ENGELAGE, JOHN MCCALEB, GARRETT GRIFFIN, GUARD DUDINSKI, MATTHEW DELANEY, JOHN CARTER, and JOHN DOES, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge**

Plaintiff James Johnson, an inmate at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 19). Johnson was previously incarcerated at Stateville Correctional Center ("Stateville") and, as a practicing Rastafarian, he took the Nazarite vow to never cut his hair (*Id.*). Instead, Johnson wore his hair in long dreadlocks (*Id.*). In June 2017, Johnson was transferred from Stateville to Menard, and upon his arrival at the new facility, he was informed that his hairstyle violated Menard's grooming policies (*Id.*). Despite his religious objections, Johnson underwent a forced haircut shortly after his arrival to Menard (*Id.*).

Johnson filed the First Amended Complaint on October 3, 2018, alleging violations of various constitutional rights, including his First Amendment rights to religious freedom and his Eighth Amendment rights against cruel and unusual punishment (*Id.*). Johnson simultaneously filed a motion for a preliminary injunction, requesting a transfer to another correctional facility (Doc. 21). He alleged he faced threats of assault, forced haircuts, and placement in segregation (*Id.*). The Court held a hearing on the matter on December 18, 2018, and denied Johnson's motion (Doc. 68).

On January 2, 2019, Johnson filed a Motion for Reconsideration, which the Court construes as a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure ("Rule") 59(e). *See Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448, 450 (7th Cir. 1997) (recognizing that, in the context of a preliminary injunction, a motion for reconsideration is a motion to alter or amend the judgment, if the motion is filed within the time prescribed in Rule 59(e)). Johnson also filed a Motion to Appear in Court Through a Telephone Conference, in which he requests a hearing on the motion (Doc. 79).

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact, or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* at 813 (internal citation and quotation marks omitted). Here, Johnson does not identify a manifest error of law or fact, or present previously unavailable evidence. Instead, he re-asserts arguments already raised in his motion for a preliminary injunction. Unfortunately, "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist L.L.C.*, 762

F.3d 661, 666 (7th Cir. 2014). The Court has already heard—and rejected—all the arguments Johnson sets forth in the Motion for Reconsideration. Accordingly, the Motion for Reconsideration (Doc. 69) is **DENIED.** Johnson's Motion to Appear in Court through a Telephone Conference (Doc. 79) is **DENIED as moot**.

    IT IS SO ORDERED.

    DATED: February 25, 2019

**NANCY J. ROSENSTENGEL**
**United States District Judge**